UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADEN PARTNERS, LP, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TWIN CITY FIRE INSURANCE COMPANY,<br><br>    Defendant. | Case No.  14-cv-01689-JST<br><br>**ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: ECF No. 28 |

Defendant Twin City Fire Insurance Company moves to file under seal the following six documents: the Declaration of Steven S. Son in support of Defendant's Administrative Motion to File Under Seal ("Son Declaration"), Defendant's Motion to Dismiss Plaintiffs' Complaint ("Motion to Dismiss"), and Exhibits "A," "B," "C," and "D" to the Motion to Dismiss. ECF No. 28 ¶ 4. Defendant and Plaintiffs Braden Partners, LP and Teijin Pharma USA, LLC stipulate that Defendant may file these documents under seal. ECF No. 28, Attach. 2 at 1-2. Defendant has filed redacted and unredacted copies of the Son Declaration and Defendant's Motion to Dismiss. Id., Attach. 1 at 4-6. The Court hereby GRANTS the motion, subject to the conditions listed below.

I. **LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that

1  (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required to overcome the strong presumption of access depends on the type of motion to which the document sought to be sealed is attached. Where, as here, a party seeks to file materials under seal in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178-79 (internal citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179.

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Paystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

## II.  DISCUSSION

Because Defendant's Administrative Motion to File Under Seal relates to Defendant's Motion to Dismiss, a dispositive motion, Defendant must proffer "compelling reasons" why the strong presumption of access does not apply to the information Defendant seeks to keep under seal. See Kamakana, 447 F.3d at 1178. Defendant has met this burden by demonstrating that a federal statute requires the redacted information to remain under seal. See Son Decl. ¶¶ 5-7.

Furthermore, Defendant has adequately complied with Civil Local Rule 79-5 and the Court's Standing Order regarding motions to seal. See id. at ¶¶ 2-3. Lastly, Defendant has sufficiently shown that the redacted portions of the documents requested to be sealed are "entitled to

protection under the law" and "narrowly tailored to seek sealing only of sealable material."[1] Civil L.R. 79-5(b); see Son Decl. ¶¶ 5-7. Thus, Defendant's administrative motion is GRANTED, pursuant to the following conditions:

1. "[T]he document[s] filed under seal will remain under seal and the public will have access only to the redacted version[s] accompanying [this] motion." Civil L.R. 79-5(f)(1).
2. The sealed documents will remain under seal so long as the timeline in the underlying action requires information regarding the underlying action to remain confidential. The parties shall notify the court within fourteen days of the expiration of that timeline. If the parties wish the pertinent documents to remain under seal, they must file with the Court within fourteen days of the expiration a supplemental motion to file under seal that identifies a new reason that the documents should remain sealed.
3. If, after fourteen days, the parties have not filed a motion to keep the documents under seal, the unredacted versions of the sealed documents will be made public.

### III.   CONCLUSION

For the aforementioned reasons, Defendant's motion is GRANTED. The hearing date and briefing schedule on the underlying motion shall remain as originally set.

**IT IS SO ORDERED**.

Dated: June 18, 2014

JON S. TIGAR
United States District Judge

---

[1] At present, it is not clear to the Court what policy rationale justifies application of the relevant statute, which requires the underlying action to remain under seal, given that the sealed information is no longer confidential in compliance with that statute. Nonetheless, the plain language of the statute compels the Court to grant Defendant's motion.

3